1  FRANK N. DARRAS #128904, Frank@DarrasLaw.com
2  SUSAN B. GRABARSKY #203004, SGrabarsky@DarrasLaw.com
   PHILLIP S. BATHER #273236, PBather@DarrasLaw.com
3  **DarrasLaw**
4  3257 East Guasti Road, Suite 300
5  Ontario, California 91761-1227
   Telephone:  (909) 390-3770
6  Facsimile:  (909) 974-2121
   Attorneys for Plaintiff
7  TAMI SHAWN-SAUERS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| TAMI SHAWN-SAUERS, | Case No: |
|---|---|
| Plaintiff, | COMPLAINT FOR BENEFITS UNDER AN EMPLOYEE WELFARE BENEFIT PLAN |
| vs. | |
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | |
| Defendant. | |

Plaintiff alleges as follows:

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1337 and 29 U.S.C. § 1132(a), (e), (f), and (g), of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1101, *et seq.* (hereafter "ERISA") as it involves a claim by Plaintiff for Disability benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question.

2. The ERISA statute at 29 U.S.C. § 1133, in accordance with Regulations of the Secretary of Labor, provides a mechanism for internal appeal of benefit denials. Those avenues of appeal have been exhausted.

3. Plaintiff is informed and believes and thereon alleges that California Physicians Service dba Blue Shield California Long Term Disability Plan ("Plan") is an employee welfare benefit plan established and maintained by California Physicians Service to provide its employees and those of its subsidiaries and affiliates, including Plaintiff, TAMI SHAWN-SAUERS ("Plaintiff" and/or "Ms. Shawn-Sauers") with income protection in the event of a disability and is the Plan Administrator.

4. Plaintiff alleges upon information and belief that Defendant, THE PRUDENTIAL INSURANCE COMPANY OF AMERICA ("PRUDENTIAL"), is, and at all relevant times was, a corporation duly organized and existing under and by virtue of the laws of the State of New Jersey, authorized to transact and transacting the business of insurance in this state, and the Claims Administrator for the Plan.

5. Plaintiff further alleges that venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) in that defendant PRUDENTIAL, who fully insured the policy and who is ultimately liable if Plaintiff is found disabled, may be found in this district. Since on or about May 13, 1901, PRUDENTIAL has been registered as a corporation with the state of California, has extensive contacts within the state, employs California residents, conducts ongoing business within the state and therefore, may be found within the state.

6. At all relevant times Plaintiff was a resident of California, an employee of California Physicians Service dba Blue Shield California, its successors, affiliates and/or subsidiaries, and a participant in the Plan.

7. Based upon information and belief, Plaintiff alleges that at all relevant times herein Plaintiff was covered under Group Insurance Contract Number G-43995-CA that had been issued by Defendant PRUDENTIAL to the eligible participants and beneficiaries of the Plan, including Plaintiff.

8. The Plan provides a monthly benefit equivalent to sixty percent (60%) of Plaintiff's monthly earnings less deductible sources of income following a 180 day Elimination Period.

/ / /

9. The Plan defines "Disabled" as:
- You are totally disabled when as a result of your sickness or injury:
  - You are unable to perform with reasonable continuity the substantial and material acts necessary to pursue your usual occupation; and
  - You are not working in your usual occupation.
- After 24 months of payments, you are totally disabled when, as a result of the same sickness or injury:
  - You are unable to engage with reasonable continuity in any occupation in which you could reasonably be expected to perform satisfactorily in light of your age, education, training, experience, station in life, and physical and mental capacity.

10. The Plan provides monthly benefits to Plaintiff's normal retirement age of 66 years and 8 months.

11. Prior to her disability under the terms of the Plan Plaintiff was working as Senior Enrollment Coordinator for Blue Shield California.

12. However, Plaintiff became disabled under the terms of the Plan on or about August 14, 2015 and timely submitted a claim to PRUDENTIAL for payment of disability benefits. PRUDENTIAL initially paid Plaintiff's benefits.

13. On or about February 16, 2017, PRUDENTIAL unreasonably and unlawfully denied Plaintiff's long term disability claim.

14. On or about March 15, 2017, Plaintiff appealed PRUDENTIAL's denial.

15. On or about May 22, 2017, PRUDENTIAL unreasonably and unlawfully upheld its denial of Plaintiff's disability benefits.

16. On or about November 10, 2017, Plaintiff appealed PRUDENTIAL's denial with assistance of counsel.

17. On or about December 29, 2017, PRUDENTIAL unreasonably and unlawfully upheld its denial of Plaintiff's disability benefits.

18. According to PRUDENTIAL's denial letters:

- **February 16, 2017:** "After careful review, we have determined that no benefits are payable beyond January 31, 2017…if you disagree with this decision you have the right to appeal."
- **May 22, 2017:** "We have determined our decision was appropriate and have upheld our decision to terminate your claim for LTD benefits…Please note that a second appeal is voluntary…Since you have now completed your first level of appeal, you may file a lawsuit under the Employee Retirement Income Security Act (ERISA)."
- **December 29, 2017:** "We have determined our decision was appropriate and have upheld our decision to terminate her claim for LTD benefits…you may file a lawsuit under the Employee Retirement Income Security Act (ERISA)."

19. In so doing, PRUDENTIAL unreasonably and unlawfully relied upon the opinions of physicians who were financially biased.

20. Additionally, PRUDENTIAL knew, or should have known, that the documentation submitted to and/or obtained by PRUDENTIAL clearly substantiated Plaintiff's disability, including but not limited to the following:

21. On or about September 16, 2015, Plaintiff's Treating Physician stated Plaintiff was "totally disabled."

22. On or about October 22, 2015, Plaintiff's Treating Physician stated Plaintiff had not "recovered sufficiently to return to work."

23. On or about November 17, 2015, Plaintiff's Treating Physician stated Plaintiff was "totally disabled."

24. On or about August 11, 2016, Plaintiff's Treating Physician stated Plaintiff…could not return to work in a full-time or part-time capacity.

25. On or about December 16, 2016, Plaintiff's Treating Physician stated Plaintiff could not perform "duties that require a lot of concentration."

26. On or about January 12, 2017, Plaintiff's Treating Physician stated Plaintiff was "unable to work" in a part-time or full-time capacity.

27. On March 14, 2017, Plaintiff's Treating Physician stated "She is still experiencing several deficits that make her capacity to work severely limited…"

28. On or about March 21, 2017, Plaintiff's MRA of the right knee showed inner margin tearing of the body of the lateral meniscus, cartilage thinning in the lateral tibial plateau, and sprain of the tibial collateral ligament.

29. On or about May 2, 2017, Plaintiff's Treating Physician opined Plaintiff was temporary totally disabled due to her internal derangement of the knee.

30. On or about June 20, 2017, Plaintiff's Treating Physician again opined Plaintiff was temporary totally disabled due to her internal derangement of the knee.

31. Based upon the substantial medical evidence in the possession of PRUDENTIAL at the time of the denial, the decision to deny disability insurance benefits was wrongful and contrary to the terms of the Plan.

32. To date, even though Plaintiff has been disabled, PRUDENTIAL has not paid Plaintiff any disability benefits under the Policy since on or about January 31, 2017. The unlawful nature of PRUDENTIAL's denial decision is evidenced by, but not limited to, the following:

- PRUDENTIAL engaged in procedural violations of its statutory obligations under ERISA, including, but not limited to, failing to promptly identify the medical consultants who reviewed her file; and, failing to timely advise Plaintiff of what specific documentation it needed from her to perfect her claim; and
- PRUDENTIAL ignored the obvious, combed the record and took selective evidence out of context as a pretext to deny Plaintiff's claim; and,
- PRUDENTIAL ignored the opinions of Plaintiff's board certified treating physicians and/or misrepresented the opinions of Plaintiff's

treating physicians. Deference should be given to the treating physician's opinions as there are no specific, legitimate reasons for rejecting the treating physicians' opinions which are based on substantial evidence in the claim file. Further, PRUDENTIAL's highly conflicted physician's opinion does not serve as substantial evidence, as it is not supported by evidence in the claim file, was not issued by a physician with the same level of medical expertise as the board certified treating physicians, nor is it consistent with the overall evidence in the claim file.

33. For all the reasons set forth above, the decision to deny disability insurance benefits was wrongful, unreasonable, irrational, sorely contrary to the evidence, contrary to the terms of the Plan and contrary to law.

34. Additionally, ERISA imposes higher-than-marketplace quality standards on insurers. It sets forth a special standard of care upon a plan administrator, namely, that the administrator "discharge [its] duties" in respect to discretionary claims processing "solely in the interests of the participants and beneficiaries" of the plan, § 1104(a)(1); it simultaneously underscores the particular importance of accurate claims processing by insisting that administrators "provide a 'full and fair review' of claim denials," *Firestone*, 489 U.S., at 113 (quoting § 1133(2)); and it supplements marketplace and regulatory controls with judicial review of individual claim denials, see § 1132(a)(1)(B).

35. As a direct and proximate result of PRUDENTIAL's failure to provide Plaintiff with disability benefits, Plaintiff has been deprived of said disability benefits beginning on or about February 1, 2017 to the present date.

36. As a further direct and proximate result of the denial of benefits, Plaintiff has incurred attorney fees to pursue this action, and is entitled to have such fees paid by defendants pursuant to 29 U.S.C. § 1132(g)(1), ERISA § 502(g)(1).

37. A controversy now exists between the parties as to whether Plaintiff is

disabled as defined in the Plan. Plaintiff seeks the declaration of this Court that she meets the Plan definition of disability and consequently she is entitled to all benefits from the Plan to which she might be entitled while receiving disability benefits including reimbursement of all expenses and premiums paid for such benefits from the termination of benefits to the present. In the alternative, Plaintiff seeks a remand for a determination of Plaintiff's claim consistent with the terms of the Plan.

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

1. An award of benefits in the amount not paid Plaintiff beginning on or about February 1, 2017 together with interest at the legal rate on each monthly payment from the date it became due until the date it is paid; plus all other benefits from the Plaintiff which she might be entitled while receiving disability benefits including reimbursement of all expenses and premiums paid for such benefits or, in the alternative, a remand for a determination of Plaintiff's claim consistent with the terms of the Plan;

2. An order determining Plaintiff is entitled to future disability payments/benefits so long as she remains disabled as defined in the Plan;

3. For reasonable attorney fees incurred in this action; and,

4. For such other and further relief as the Court deems just and proper.

Dated: February 26, 2018

DarrasLaw

_____
PHILLIP S. BATHER
Attorneys for Plaintiff
TAMI SHAWN-SAUERS